NOV 6, 2007 RECEIVED

M/D 1                    2007 DEC 17 A 9: 56

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
U.S. DISTRICT COURT
MIDDLE DISTRICT

_Marcus Tate # 180664_

Full name and prison name of
Plaintiff(s)

v.

_Marc S. Bass et,al_
_11 South Union Street_
_Montgomery, Ala 36130_

Name of person(s) who violated your
constitutional rights. (List the names
of all the person.)

please Assign To
charle coody only

CIVIL ACTION NO. _2:07cv1093-mht_
(To be supplied by Clerk of U.S. District
Court)

BENCH TRIAL
BY charle coody
ONLY REQUESTED!

I.    PREVIOUS LAWSUITS

A.    Have you begun other lawsuits in state or federal court dealing with the same or similar facts involved in this action?  YES ■  No ☐

B.    Have you begun other lawsuits in state or federal court relating to your imprisonment?    YES ■    NO ☐

C.    If your answer to A or B is yes, describe each lawsuit in the space below.  (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1.    Parties to this previous lawsuit:

Plaintiff (s) _Marcus Tate # 180664_

Defendant(s) _Marc S, Bass et,al_

2.    Court (if federal court, name the district; if state court, name the county)
_U.S. Middle District Court_

A-F
Exhibit's
ATTACHED

ORAL HEARING
REQUESTED
A.S.A.P U.S. COURT DOCKET
Appearance

3. Docket number _CV-07-292-WKW_

4. Name of judge to whom case was assigned _Charle Coody_

5. Disposition (for example: was the case dismissed? Was it appealed? Is it still pending?) _Tranfered_

6. Approximate date of filing lawsuit _N/A_

7. Approximate date of disposition _N/A_

II. PLACE OF PRESENT CONFINEMENT _Mobile Community Based Facility_ _2423 N. BELT LINE HWY Mobile, Ala 36663_

PLACE OR INSTITUTION WHERE INCIDENT OCCURRED _MARC S. BASS et,al_ _OFFICE 11 South union STREET Montgomery, Ala 36130_

III. NAME <u>AND ADDRESS</u> OF INDIVIDUAL(S) YOU ALLEGE VIOLATED YOUR CONSTITUTIONAL RIGHTS.

| NAME | ADDRESS |
|------|---------|
| 1. _MARC S. BASS et,al_ | _11 south union STREET M, Ala 36130_ |
| 2. | |
| 3. | |
| 4. | |
| 5. | |
| 6. | |

IV. THE DATE UPON WHICH SAID VIOLATION OCCURRED _Nov 6, 2007_ _and etc_

V. STATE BRIEFLY THE GROUNDS ON WHICH YOU BASE YOUR ALLEGATION THAT YOUR CONSTITUTIONAL RIGHTS ARE BEING VIOLATED:

GROUND ONE: _Life Without Parole Imprisonment_ _Imposed by Marc S. BASS et,al Nov 6, 2007_ _and etc ILLEGAL BY Defendants_ _And DEATH Threats_ _From Marc s. BASS et,al_

STATE BRIEFLY THE FACTS WHICH SUPPORT THIS GROUND. (State as best you can the time, place and manner and person involved.)

SEE Exhibits A-F ATTAched the Incident happen Nov 6, 2007 @ MARc S, BASS et,al OFFICE as Brief ATTAched cited by Marc S, BASS et,al wich Defendants Lied to Criminal Court Appeals To make An unJustice DECision Against Plaintiff

GROUND TWO: The Defendant Indirectly & DiRECTly and Malice and Malicious violated Plaintiff Civil Right ConstiTUTIONAl

SUPPORTING FACTS: 4th, 5th, 6th, 8th, 14th AmendmenT and DUE Process of Law SEE BRief ATTAched PAGE # 4-5

GROUND THREE: Plaintiff FEAR FoR his Life In GREAT DANGER by Defendants MARc S. BASS et, Al

SUPPORTING FACTS: MARc S, BASS et, Al IS Forwarding Death Threats to plaintiff and TO CourThouse to Impose Life without Parole Imprisonment upon Plaintiff ILLEGAL SEE Exhibit "F" page # 5

plaintiff REQUEST FedeRAL WARRANT For ArResT SERVED upon marc S, BASS et,Al

VI.   STATE BRIEFLY EXACTLY WHAT YOU WANT THE COURT TO DO FOR YOU. MAKE NO LEGAL ARGUMENT. CITE NO CASES OR STATUTES.

Full Pardon All civil Right Restored Now Today, ASAP Life, & life without Parole Imprisonment Abolished Now Today ASAP Set Free From Illegal custody

_Marcul O. Tat_
Signature of plaintiff(s)

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   12 / 13 / 07  .
(Date)

_Marcul O. Tat_
Signature of plaintiff(s)

**STATE OF ALABAMA**
OFFICE OF
**ATTORNEY GENERAL**
11 South Union Street
MONTGOMERY, ALABAMA 36130-0152

**ADDRESS SERVICE REQUESTED**

State Of Alabama
Central Mail Ops
#1



UNITED STATES POS
02 1M
0004225858
MAILED FR

MARCUS ORLANDA TATE
AIS #180664
3800 GK FOUNTAIN CORRECTIONAL FACILITY
ATMORE ALABAMA 36503



BRIEF

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

RECEIVED
2007 DEC 17 A 9:57

DEBRA P. HACKETT
U.S. DISTRICT COURT
MIDDLE DISTRICT AL

(1).

MARCUS TATE

180664

Plaintiff

Vs.

MARC S. BASS et,al

Defendants

Bench Trial
By charle coody
only!

cv-2.07CV 1093-mht

ORAL HEARING
Requested ASAP

BRIEF

PURSUANT 1983 Complaint 42 USCS IN THE
MATTER OF LIFE AND DEATH TO A
INNOCENT MAN Plaintiff ABOVE

Plaintiff / Address

MARCUS TATE 180664

MOBILE Community Based Facility

2423 No BELT LINE HWY

MOBILE, Alabama 36663

DEFENDANTS / ADDRESS

STATE OF ALABAMA ATTORNEY GENERAL OFFICE

MARC S. BASS et,al

11 South union STREET

Montgomery, Ala 36130

Exhibits

FACTS FCRP 56(e) Exhibits ATTACHED
A - B - C - D - E - F

# ISSUES Plaintiff Raising

(2).

1. MARC S. BASS et,al Imposed A ILLEGAL Life Without Parole upon plaintiff Nov 6, 2007 Without plaintiff Violating No Laws of ALABAMA STATE AT ALL   SEE ATTACHED Exhibit "F" PAGE # 5

## PERJURY OF DEfendants

2. MARC S. BASS et,al DENIED Plaintiff Conviction of Life Imprisonment under 13A-5-9.1 RETROACTIVE 13A-5-9 HFOA Application Committing PERJURY TO ALABAMA CRIMINAL COURT Appealing 300 DEXTER Avenue Montgomery Ala 36130 Lying That Plaintiff WAS A violent OFFENDER  SEE Exhibit "3" ATTACHED Plaintiff has No Violent Crimes and SEE Exhibits "F" PAGE # 7

## FAlSELY Imprisonment

3. Plaintiff is helded Flasely Imprisonment under 13A-5-9 (c)(2) STATUTE Code of Alabama 1975 SEE Exhibits "B" & "D" ATTACHED

(A). The plaintiff Dose not have But ONE PRIOR Felony under 13A-5-9(c)(2) 13A-5-9 HFOA SEE Exhibits "B" & "D"

(3).                    **42. USCS Complaint ISSUE**

(4.)  Wherefore plaintiff have Filed
Three or more 1983 Complaints
Concerning these ISSUE's
        **LIFE THREATEN**

A. The Laws of the United States
STATED THAT A plaintiff can
not Filed Three or more Complaints
UNLESS the ISSUE's at hand
IS Life Threaten

B. The ISSUE IS Life Threaten
Because The Defendants Marc S. BASS et al
Imposed Life Without parole
upon plaintiff ILLEGAL Without
plaintiff Committing NO Crime
or Breaking NO Law Nov. 6, 2007

C. There NO Records to Show plaintiff
Violated The Law Nov 6, 2007
SEE Exhibit "F" pAGE# 5
and SEE Exhibit "B"

        **ILLEGAL Custody of Plaintiff**

5. Plaintiff Shows A Genuine ISSUE's That
he's in ILLEGAL Custody by Marc S. BASS et al
By Presenting Exhibits "D" "B" ATTACHED
under 13A-5-9(c)(2)  SEE Priors Felony Convictions

(4)

## ISSUE OF U.S. Constitution VIOLATIONS AMENDMENTS

(6.) MARC S. BASS et, al has VIOLATED Plaintiff U.S. CIVIL Rights CONSTITUTIONAL AMENDMENTS Following

4th AMEND: FALSE Imprisonment UNDER 13A-5-9 (C)(2) Title Code OF Alabama 1975

(7.) 5th AMEND: Double Jeudury, DUE process OF law, DEPrived OUTTA Life, and Liberty Clauses

(8). Right to A Fair TriAl, under The: sixth AMEND: By Lying Committing PERJURY TO Alabama Criminal CourT Appeals, Montgomery. Ala

(9). 8th AMEND: Plaintiff hus been Inflicted with CRUEl unusual PUNISHMENT By Defendants Marc S. BASS et, al Do TOO (A.) False Imprisonment, (B). Imposed Life without Parole upon Plaintiff ILLEGALLY NOV. 6, 2007

(C). Lying and giving the Criminal Court Appeals False Information

(5). To lead to A Unjustice Decision of Denial too Plaintiff Relief From Life, and Life without Parole Imprisonment SEE Exhibits "F" page #5 & page #7

(10). Plaintiff Did not Recieve The Full Benifit under The U.S. Constution 14th Amendment Following

(A.) A Right too enjoy the clause of Equal protection of U.S. Law

(B). The Right to Full Immunity Under the U.S. 14th Amend Constitutional Law

(C). The Right to Due Process Clause under the U.S. 14th & 5th Amends Constitutional of Laws

## Plaintiff Relief Sought
## Requested From Defendants

(6).

1. TO BE Released From Pain &
Suffering Defendants
Marc S. Bass etja l Imposed
Nov 6, 2007 etc,

2. TO ABOLISH Conviction
OF Life Imprisonment
and LifeWithout Parole
Do TO False Imprisonment
UNDER 13A-5-9(c)(2)
code of Ala 1975

3. To Impose Full Pardon upon
Plaintiff and ALL civil Right
Restored NOW TODAY ASAP

4. TO BE Released From ADOC
Custody TO A Loving mother
THAT Been missing her
Son For YEARS

5. TO BE Giving Damage Relief
For YEARS OF Pain & Sufferings

**(7).**

## CERTIFICATION OF SERVICE

I SWEAR I HAVE SERVED
THE UNITED STATES CLERK
OF COURT MIDDLE DISTRICT
STATE OF Alabama
Day 13 Month 12th, 2007

Sincerely

Marcus D. Tate
MARCUS TATE 180664
2423 N. BECT LINE Hwy
Mobile, Alo 36663

Notice: This unpublished memorandum should not be cited as precedent.  See Rule 54, Ala.R.App.P.  Rule 54(d),
states, in part, that this memorandum "shall have no precedential value and shall not be cited in arguments or
briefs and shall not be used by any court within this state, except for the purpose of establishing the application
of the doctrine of law of the case, res judicata, collateral estoppel, double jeopardy, or procedural bar."

# Court of Criminal Appeals
State of Alabama
Judicial Building, 300 Dexter Avenue
**P. O. Box 301555**
**Montgomery, AL 36130-1555**



**PAMELA W. BASCHAB**
Presiding Judge
**H.W."BUCKY" McMILLAN**
**GREG SHAW**
**A. KELLI WISE**
**SAMUEL HENRY WELCH**
Judges



Lane W. Mann
Clerk
Gerri Robinson
Assistant Clerk
(334) 229-0751
Fax (334) 229-0521

**MEMORANDUM**

CR-06-1751                    Clarke Circuit Court CC-99-169

Marcus Orlanda Tate v. State of Alabama

Baschab, Presiding Judge.

On November 2, 1999, the appellant was convicted of
second-degree burglary.  On December 21, 1999, the trial court
sentenced him, as a habitual offender, to serve a term of life
in prison.  See §13A-5-9, Ala. Code 1975.  On May 3, 2007, the
appellant filed a motion for reconsideration of his sentence.
Without requiring a response, the circuit court summarily
denied the motion.  This appeal followed.

The appellant argues that the circuit court erroneously
denied his motion for reconsideration.  In Kirby v. State, 899
So. 2d 968, 969-74 (Ala. 2004), the Alabama Supreme Court
explained:

"In 2001, the Legislature passed Act No. 2001-977 ('the Act') in an attempt to make the 2000 amendments to §13A-5-9 retroactive. The stated purpose of the Act was 'to provide further for eligibility for parole consideration of non-violent offenders.' The Act, now codified as §13A-5-9.1, states in its entirety:

> "'The provisions of Section 13A-5-9 shall be applied retroactively by the sentencing judge or presiding judge for consideration of early parole of each nonviolent convicted offender based on evaluations performed by the Department of Corrections and approved by the Board of Pardons and Paroles and submitted to the court.'

"....

"... Reading §13A-5-9.1 in conjunction with §13A-5-9, it is clear that a sentencing judge or a presiding judge can resentence only two narrowly defined classes of habitual offenders: those who had been sentenced to life imprisonment without the possibility of parole under the mandatory provisions of the HFOA upon conviction of a Class A felony with no prior Class A felony convictions; and those who had been sentenced to life imprisonment under the mandatory provisions of the HFOA upon conviction of a Class B felony. <u>Moreover, of those habitual offenders, the judge can resentence only those who are nonviolent offenders</u>."

(Emphasis added.)

"There are three requirements for eligibility to have a sentence reconsidered under §13A-5-9.1: (1) the inmate was sentenced before May 25, 2000, the date the 2000 amendment to the HFOA became effective; (2) the inmate was sentenced to life imprisonment without the possibility of parole pursuant to §13A-5-9(c)(3) and had no prior Class A felony convictions or was sentenced to life

2

imprisonment pursuant to §13A-5-9(c)(2), see
<u>Prestwood</u>, supra; and (3) the inmate is a
'nonviolent convicted offender.' An inmate must
satisfy all three requirements before he or she is
eligible for reconsideration of sentence under §13A-
5-9.1."

<u>Holt v. State</u>, 960 So. 2d 726, 734-35 (Ala. Crim. App. 2006).

Section 13A-5-9.1, Ala. Code 1975, does not specifically
define which offenders will be considered nonviolent.
Therefore, we look to caselaw and statutes for guidance.

"Prior to January 1, 1980 robbery was a common
law offense. At common law, robbery was '... the
felonious taking of goods or money from the person
of another, or in his presence, against his will by
violence or by putting him in fear, and <u>such
violence must precede or accompany the stealing</u>.
<u>Tunstil v. State</u>, 33 Ala. App. 460, 34 So. 2d 857;
<u>Hardis v. State</u>, 28 Ala. App. 524, 189 So. 216.'
<u>Hatchet v. State</u>, 335 So. 2d 415, 418 (Ala. Crim.
App. 1976). (Emphasis added). Our present Criminal
Code '... significantly broadened the scope of
common law robbery by adding new methods of
committing that crime.' <u>Beverly v. State</u>, 439 So.
2d 758, 762 (Ala. Crim. App.), cert. denied, 439 So.
2d 758 (Ala. 1983).

"Now, the violence used or threatened does not
have to precede or accompany the theft but it 'must
be for the purpose of accomplishing [the] theft.'
Commentary, §13A-8-40 through 44, Code of Alabama
1975."

<u>Carlisle v. State</u>, 484 So. 2d 540, 542 (Ala. Crim. App. 1985).
Also, §13A-11-70, Ala. Code 1975, provides, in pertinent part:

"For the purposes of this division ['The Uniform
Firearms Act'], the following terms shall have the
respective meanings ascribed by this section:

"....

3

"(2) <u>Crime of violence</u>. Any of the
following crimes or an attempt to commit
any of them, namely, murder, manslaughter,
(except manslaughter arising out of the
operation of a vehicle), rape, mayhem,
assault with intent to rob, assault with
intent to ravish, assault with intent to
murder, <u>robbery</u>, <u>burglary</u>, kidnapping and
larceny."

(Emphasis added.)

"[T]he fact that a crime is defined as a 'violent
offense' under §13A-11-70 and/or §12-25-32, although
certainly a relevant and appropriate consideration,
is not binding on a circuit court in determining
whether an inmate is a 'nonviolent convicted
offender' within the meaning of §13A-5-9.1.

"...

"Of course, the statutory designation of an
inmate's underlying offense as a 'violent offense'
is    certainly    an    important    consideration    in
determining whether an inmate is a 'nonviolent
convicted offender'; nothing in §13A-5-9.1 or <u>Kirby</u>
suggests    otherwise.      However,    the    statutory
designation of an offense is not the only factor a
circuit court may consider, and the fact that the
inmate's underlying conviction was for an offense
statutorily defined as a 'violent offense' does not
preclude a circuit court from considering other
factors presented to it, such as the facts and
circumstances surrounding the underlying offense,
the facts and circumstances surrounding the inmate's
prior convictions, the inmate's prison record, and
any 'other factors brought before the judge in the
record of the case.' <u>Kirby</u>, 899 So. 2d at 974. In
determining whether an inmate is a 'nonviolent
convicted offender' within the meaning of §13A-5-
9.1, a circuit court is not precluded from
considering, nor may it refuse to consider, all of
the factors presented to it by either party. As
Holt argued to the circuit court, and argues to this

4

Court, and as the Alabama Supreme Court made clear in <u>Kirby</u>, whether an inmate is a 'nonviolent convicted offender' is based on the totality of the circumstances.

"By totality of the circumstances, we mean the totality of the information before the circuit court when it rules on the §13A-5-9.1 motion. A circuit court is not required to solicit additional information before ruling on such a motion. To the contrary, a circuit court may summarily deny a §13A-5-9.1 motion without holding an evidentiary hearing or otherwise requiring the submission of additional evidence not before it as part of the pleadings, if it so chooses. Nothing in §13A-5-9.1 or <u>Kirby</u> requires otherwise. In addition, in determining whether an inmate is a 'nonviolent convicted offender' within the meaning of §13A-5-9.1, what weight to afford each factor presented to it is within the circuit court's discretion. A circuit court is not required to make specific findings of fact regarding the weight it affords each factor, and in reviewing a circuit court's determination of whether an inmate is a 'nonviolent convicted offender,' this Court will give the circuit court great deference regarding the weight it afforded the factors presented to it, and we will presume that the circuit court properly considered and weighed each factor presented, unless the record affirmatively shows otherwise. See, e.g., <u>Prestwood</u>, ___ So. 2d at ___ (recognizing the limited appellate review of a motion filed under §13A-5-9.1)."

<u>Holt v. State</u>, 960 So. 2d at 736-38.

Initially, we note that the appellant did not allege each and every conviction that was used to enhance his sentence. Also, he did not allege that all of his prior convictions were for nonviolent offenses. Therefore, the appellant did not plead sufficient facts to show that he was eligible for reconsideration.

Moreover, the appellant presented the following factors

5

to the circuit court: that he was convicted of second-degree burglary; that he was sentenced to life in prison on November 2, 1999; and that he has a prior conviction for "13A-7-6 2nd degree" and "burglary tools 3rd." (C.R. 78.) Based on the nature of the underlying burglary conviction, the circuit court could have reasonably concluded that the appellant was a violent offender and thus was not eligible for reconsideration of his sentence pursuant to §13A-5-9.1, Ala. Code 1975. <u>See</u> <u>Kirby</u>, 899 So. 2d at 974 (noting that "the state's trial judges have the authority under the statute to determine whether a defendant is a nonviolent offender and that those judges are competent to make that determination based upon the nature of the defendant's underlying conviction"). Also, the record does not affirmatively show that the circuit court did not properly consider and weigh each factor presented to it. Therefore, the circuit court properly denied the appellant's motion. Accordingly, we affirm the circuit court's judgment.

**AFFIRMED.**

McMillan, Shaw, Wise, and Welch, JJ., concur.

6

```
                      ALABAMA DEPARTMENT OF CORRECTIONS          INST:   019
CBR716-3              INMATE SUMMARY AS OF 11/21/2007            CODE: CDRVK
```

AIS: 00180664A    INMATE: TAITE, MARCUS               RACE: B  SEX: M

INST: 019 = MOBILE COMM WORK CENTER        DORM:  00   JAIL CR: 000Y 01M 00D

DOB: 06/07/1975  SSN: 424=96=3939

ALIAS: MUHAMMAD, DRELIJAH J          ALIAS: TAIT, MARCUS O

ALIAS: TAITCE, MARCUS                ALIAS: TAITE, MARCUS OLANDA

ALIAS: TATE, MARCUS                  ALIAS: TATE, MARCUS O

ADM DT: 11/23/1999 DEAD TIME: 000Y 07M 26D

ADM TYP: NEW COMIT FROM CRT W/REV OF PR     STAT: PAROLE REVOKED

CURRENT CUST: MIN-9   CURRENT CUST DT: 08/07/2007  PAROLE REVIEW DATE: MAR 2009

SECURITY LEVEL: (2) TWO

SERVING UNDER ACT446 LAW IN CLASS IV      CURRENT CLASS DATE:   11/18/2001
INMATE IS EARNING : PROHIBITED FROM EARNING GOODTIME

```
COUNTY      SENT DT  CASE NO  CRIME               JL=CR      TERM
CLARKE      11/23/99 N97000427 POSS OF BURGLAR'S TOOLS  = 0030D 006Y 00M 00D CS
            ATTORNEY FEES : $000100     HABITUAL OFFENDER : Y
            COURT COSTS   : $0000189    FINES : $0000000    RESTITUTION : $0000152
CLARKE      11/02/99 N99000169 BURGLARY II          00000D    LIFE        CS
            COURT COSTS   : $0000239    FINES : $0000000    RESTITUTION : $0000500
```

TOTAL TERM      MIN REL DT     GOOD TIME BAL     GOOD TIME REV      LONG DATE
   LIFE         00/00/0000                                          99/99/9999

INMATE LITERAL: DC06=209,210,211, & 212 NOLLE PROSSED 5=12=2006

DETAINER WARRANTS SUMMARY
   INMATE CURRENTLY HAS NO DETAINER WARRANT RECORDS

ESCAPEE=PAROLE SUMMARY

PAROLED FRM  050:04/05/04 RVK:04/10/06 DELQ:06/13/05 RECAP:02/09/06 RTN:02/09/06

   INMATE CURRENTLY HAS NO PROBATION 754 RECORDS

   INMATE HAS NO ESCAPES FROM ALABAMA D.O.C.
   SINCE O.B.S.C.I.S. RECORDING BEGAN IN 1978

DISCIPLINARY/CITATION SUMMARY

Exhibit "B"

                         CONTINUED ON NEXT PAGE

# COURT OF CRIMINAL APPEALS
## STATE OF ALABAMA



Lane W. Mann
  Clerk
Gerri Robinson
  Assistant Clerk

P. O. Box 301555
Montgomery, AL 36130-1555
(334) 229-0751
Fax (334) 229-0521

November 6, 2007

**CR-06-1751**

Marcus Orlanda Tate v. State of Alabama  (Appeal from Clarke  Circuit Court: CC99-169)

## Notice of Filing of Brief

You are hereby notified that the following action was taken in the above cause:

Appellee's Brief Filed.

**Lane W. Mann, Clerk**
**Court of Criminal Appeals**

**cc:** Marcus Orlanda Tate, Pro Se
  Hon. Marc S. Bass, Asst. Attorney General

Exhibit
"C"

# COURT OF CRIMINAL APPEALS
# STATE OF ALABAMA

Lane W. Mann
Clerk
Gerri Robinson
Assistant Clerk



P. O. Box 301555
Montgomery, AL 36130-1555
(334) 229-0751
Fax (334) 229-0521

November 2, 2007

CR-06-1751

Marcus Orlanda Tate v. State of Alabama  (Appeal from Clarke  Circuit Court: CC99-169)

## <u>Notice of Extension or Enlargement of Briefing Time</u>

You are hereby notified that the following action was taken in the above cause:

Additional time is granted to file the appellee's brief to and including November 9, 2007.

**Lane W. Mann, Clerk**
**Court of Criminal Appeals**

cc: Marcus Orlanda Tate, Pro Se
    Hon. Marc S. Bass, Asst. Attorney General

For a Class A misdemeanor, not more than one year.

For a Class B misdemeanor, not more than six months.

For a Class C misdemeanor, not more than three months.

entences for violations shall be for a definite term of imprisonment ounty jail, not to exceed 30 days. (Acts 1977, No. 607, p. 812, Acts 1978, No. 770, p. 1110.)

**–8. Place of imprisonment.**

lace of imprisonment for sentences imposed in this state shall be as ied elsewhere by law. (Acts 1977, No. 607, p. 812, § 1232.)

**–9. Habitual felony offenders — Additional penalties.**

all cases when it is shown that a criminal defendant has been ly convicted of a felony and after the conviction has committed felony, he or she must be punished as follows:

On conviction of a Class C felony, he or she must be punished for s B felony.

On conviction of a Class B felony, he or she must be punished for s A felony.

On conviction of a Class A felony, he or she must be punished by onment for life or for any term of not more than 99 years but not an 15 years.

all cases when it is shown that a criminal defendant has been ly convicted of any two felonies and after such convictions has ed another felony, he or she must be punished as follows:

On conviction of a Class C felony, he or she must be punished for s A felony.

On conviction of a Class B felony, he or she must be punished by onment for life or for any term of not more than 99 years but not an 15 years.

On conviction of a Class A felony, he or she must be punished by onment for life or for any term of not less than 99 years.

all cases when it is shown that a criminal defendant has been y convicted of any three felonies and after such convictions has ed another felony, he or she must be punished as follows:

(1) On conviction of a Class C felony, he or she must be punished by imprisonment for life or for any term of not more than 99 years but not less than 15 years.

(2) On conviction of a Class B felony, he or she must be punished by imprisonment for life or any term of not less than 20 years.

(3) On conviction of a Class A felony, where the defendant has no prior convictions for any Class A felony, he or she must be punished by imprisonment for life or life without the possibility of parole, in the discretion of the trial court.

(4) On conviction of a Class A felony, where the defendant has one or more prior convictions for any Class A felony, he or she must be punished by imprisonment for life without the possibility of parole. (Acts 1977, No. 607, p. 812, § 1235; Acts 1979, No. 79–664, p. 1163, § 1; Act 2000–759, p. 1736, § 1.)

**§ 13A–5–9.1. Retroactive application of Section 13A–5–9.**

The provisions of Section 13A–5–9 shall be applied retroactively by the sentencing judge or presiding judge for consideration of early parole of each nonviolent convicted offender based on evaluations performed by the Department of Corrections and approved by the Board of Pardons and Paroles and submitted to the court. (Act 2001–977, 3rd Sp. Sess., p. 941, § 1.)

**§ 13A–5–10. Habitual felony offenders — Proof; restriction on imposition of penalty.**

(a) The court may conduct a hearing upon the issue of whether a defendant is a repeat or habitual offender under Section 13A–5–9, according to procedures established by rule of court.

(b) Section 13A–5–9 does not apply to a corporation. (Acts 1977, No. 607, p. 812, § 1237.)

**§ 13A–5–10.1. Habitual felony offenders — Proof; certified copies of case action summary sheets, docket sheets, etc.**

(a) Certified copies of case action summary sheets, docket sheets or other records of the court are admissible for the purpose of proving prior convictions of a crime, if the prior conviction is otherwise admissible under the laws of this state.

(b) If the trial court determines that the defendant would be prejudiced by the admission of the documents described in subsection (a) the court

Exhibit "D"

Exhibit "D"   31

<u>Bobby <u>White</u></u> v. State of Alabama
**COURT OF CRIMINAL APPEALS OF ALABAMA**
<u>2006</u> Ala. Crim. App. LEXIS 113
**CR-05-0228**
**June 30, 2006, Released**

**Notice:**

THIS OPINION IS SUBJECT TO CORRECTION OR REVISION BEFORE PUBLICATION IN THE
OFFICIAL REPORTER.

**Editorial Information: Prior History**

Appeal from Elmore Circuit Court. (CC-99-116). John B. Bush.

**Disposition**                           REVERSED AND REMANDED.

**Counsel**                               For Appellant: **Bobby White**, pro se.
                                          For Appellee: Troy King, atty. gen., and Stephen N. Dodd, asst.
          atty. gen.

**Judges:** SHAW, Judge. McMillan, P.J., and Cobb, Baschab, and Wise, JJ., concur.

Exhibit "E"

© 2007 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to
the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Notice:
THIS OPINION IS SUBJECT TO CORRECTION OR REVISION BEFORE PUBLICATION IN THE OFFICIAL REPORTER.
Editorial Information: Prior History
Appeal from Elmore Circuit Court. (CC-99-116). John B. Bush.
Disposition          .    REVERSED AND REMANDED.
Counsel                   For Appellant: Bobby White, pro se.
         For Appellee: Troy King, atty. gen., and Stephen N. Dodd, asst. atty. gen.
Judges: SHAW, Judge. McMillan, P.J., and Cobb, Baschab, and Wise, JJ., concur.
Opinion
Opinion by:           SHAW
SHAW, Judge.
Bobby White appeals the circuit court's summary denial of his motion made pursuant to § 13A-5-9.1, Ala. Code 1975 , to reconsider his two sentences of life imprisonment imposed upon application of the Habitual Felony Offender Act ("the HFOA") for his convictions for first-degree escape and first-degree theft. See Kirby v. State, 899 So. 2d 968 (Ala. 2004).
White filed his motion on July 7, 2005, alleging that he was entitled to have his sentences reconsidered because, he said, he was convicted and sentenced before May 25, 2000, the effective date of the 2000 amendment to the HFOA, neither his present convictions nor his prior convictions involved violent conduct, and his prison record reflects his good behavior while in prison. After ordering and receiving information from the Department of Corrections regarding White's prison record, the circuit court summarily denied White's motion, stating:
"After reviewing the records supplied by the Department of Corrections, the Court has determined that the Defendant was paroled on this case on March 29, 2004. His parole was revoked on February 14, 2005, and he was sent back to continue serving his sentence.
" Section 13A-5-9.1, Code of Alabama, 1975 , as amended, states in part '. . . for consideration of early parole . . . .' This Court finds that the Defendant has already received the benefit of early parole and is therefore not eligible for relief. Accordingly, his Motion to Reconsider Sentence is DENIED."
(C. 75.)1
On appeal, White contends, and the State concedes, that the circuit court erred in finding that White was ineligible for sentence reconsideration solely because he had previously been granted parole and that parole had been revoked. As this Court explained in Holt v. State, [Ms. CR-04-1250, March 3, 2006] So. 2d , 2006 Ala. Crim. App. LEXIS 39 (Ala. Crim. App. 2006), there are only three eligibility requirements for sentence reconsideration under § 13A-5-9.1:
"There are three requirements for eligibility to have a sentence reconsidered under § 13A-5-9.1: (1) the inmate was sentenced before May 25, 2000, the date the 2000 amendment to the HFOA became effective; (2) the inmate was sentenced to life imprisonment without the possibility of parole pursuant to § 13A-5-9(c)(3) and had no prior Class A felony convictions or was sentenced to life imprisonment pursuant to § 13A-5-9(c)(2). See Prestwood v. State, 915 So. 2d 580 (Ala. Crim. App. 2005; and (3) the inmate is a 'nonviolent convicted offender.' An inmate must satisfy all three requirements before he or she is eligible for reconsideration of sentence under § 13A-5-9.1

So. 2d at . That an inmate has not previously been paroled is not a requirement for eligibility for sentence reconsideration under § 13A-5-9.1 , although an inmate's parole history is a factor to be considered in determining whether an inmate is a nonviolent offender and whether to resentence an eligible inmate. See Ferrell v. State, [Ms. CR-05-0831, May 26, 2006] So. 2d (Ala. Crim. App. 2006), 2006 Ala. Crim. App. LEXIS 86 . Therefore, the circuit court erred in finding that White was not eligible for sentence reconsideration solely because he had previously been paroled and that parole had been revoked.
Based on the foregoing, the judgment of the circuit court is reversed and this cause remanded for the circuit court to reconsider White's § 13A-5-9.1 motion in light of this Court's opinion in Holt.
REVERSED AND REMANDED.
McMillan, P.J., and Cobb, Baschab, and Wise, JJ., concur.
Footnotes
Footnotes
1    The circuit court had jurisdiction to consider the motion because the judge who ruled on the motion is the judge who sentenced White. See, e.g., Holt v. State, [Ms. CR-04-1250, March 3

2006] So. 2d., 2006 Ala. Crim. App. LEXIS 39 (Ala. Crim. App. 2006) , and the cases cited
therein.
2006 Ala. Crim. App. LEXIS 114. Heidelberg v. State., June 30, 2006, Released

NOV 6, 2007 CR-06-1751

*In the COURT of CRIMINAL APPEALS
Of ALABAMA*

◆

MARCUS ORLANDA TATE,

Appellant,

v.

STATE OF ALABAMA,

Appellee.

◆

*On Appeal From the Circuit Court of
Clarke County, Alabama
(CC-99-0169)*

**BRIEF OF APPELLEE**

Exhibit "F"

Troy King
*Attorney General*

Marc A. Starrett
*Assistant Attorney General*

Marc S. Bass
*Assistant Attorney General*
Counsel of Record *

State of Alabama
Office of the Attorney General
11 South Union Street
Montgomery, Alabama 36130
 (334)242-7300; (334)353-8563
 mbass@ago.state.al.us

November 6, 2007

**STATEMENT REGARDING ORAL ARGUMENT**

The State of Alabama does not request oral argument, because the facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument. Ala. R. App. P. Rule 34 (a)(3).

i

## TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT...................... i

TABLE OF CONTENTS...................................... ii

TABLE OF CASES AND AUTHORITIES........................ iii

STATEMENT OF THE CASE AND FACTS........................ 1

STATEMENT OF THE ISSUE................................. 2

STANDARD OF REVIEW..................................... 3

SUMMARY OF THE ARGUMENT................................ 4

ARGUMENT............................................... 4

In The Absence Of Evidence That The Trial Court Abused
Its Discretion In Denying Tate's Motion To Reconsider
His Sentence Under Alabama Code (1975) Section
13A-5-9.1, The Court's Decision Must Stand............. 4

CONCLUSION............................................ 12

CERTIFICATE OF SERVICE............................... 13

## TABLE OF CASES AND AUTHORITIES

**Cases**

Butler v. State, CR- 05-0189, 2006 WL 1793729
  (Ala. Crim. App. Jun. 30, 2006)(reversed on
  other grounds), Ex parte Butler, 2007 WL 779148
  (Ala. Mar. 16, 2007 ................................... 7

Holt v. State, CR 04-1250, 2006 WL 510784 at 6
  (Ala. Crim. App. Mar. 3, 2006) ..................... 6, 7

Prestwood v. State, 915 So. 2d 580, 582 (Ala.
  Crim. App. 2005). ..................................... 6

**Other Authorities**

Ala.Code 1975,

  § 13A-5-9.1 .................................... 4, 5, 6

  §§ 13A-5-9(c)(2) or 13A-5-9(c)(3), ..................... 6

## STATEMENT OF THE CASE AND FACTS

Marcus Orlanda Tate appeals from the May 3, 2007, denial of his motion to amend sentence by the Clarke County Circuit Court, the Honorable James T. Baxter, presiding, attempting to reduce his sentence pursuant to Alabama Code (1975) Section 13A-5-9.1 and the Alabama Habitual Felony Offender Act (Alabama Code (1975) Section 13A-5-9). (C. 15-16)

Tate was convicted of second degree burglary on November 2, 1999. (C. 57) Tate was sentenced to life imprisonment under the Alabama Habitual Offender Act. (C. 57) This Court affirmed his conviction in an unpublished memorandum and issued a certificate of judgment on July 11, 2000. See Taite v. State, CR-99-0781, 810 So. 2d 813 (Ala. Crim. App. 2000).

Tate filed his first motion for reduction of sentence on February 1, 2007. (C. 79) Tate filed his second motion for reduction of sentence on April 30, 2007. (C. 78) Clarke Circuit Judge James Baxter summarily denied Tate's motions on May 3, 2007. (C. 78-79) This appeal followed.

**STATEMENT OF THE ISSUE**

Did the trial court abuse its discretion in denying

Tate's motion to reconsider his life sentence filed

pursuant to Alabama Code (1975) Section 13A-5-9.1?

**STANDARD OF REVIEW**

The trial court's decision on a motion to reconsider sentence under Section 13A-5-9.1 of the Code of Alabama is reviewed for abuse of discretion.  See Prestwood v. State, 915 So. 2d 580, 582 (Ala. Crim. App. 2005).

## SUMMARY OF THE ARGUMENT

The trial court did not abuse its discretion in denying Tate's motion to reconsider his sentence under Section 13A-5-9.1 of the Code of Alabama. The decision whether to grant Tate's motion and re-sentence him was completely within the discretion of the sentencing or presiding judge.

Tate has not shown that the trial court abused its discretion in denying his motion, such as the court having based its decision on an erroneous conclusion of law or having made its decision without there being any evidence in the record upon which it rationally could have based its decision; accordingly, the trial court's decision should stand.

## ARGUMENT

**In The Absence Of Evidence That The Trial Court Abused Its Discretion In Denying Tate's Motion To Reconsider His Sentence Under Alabama Code (1975) Section 13A-5-9.1, The Court's Decision Must Stand.**

Tate contends that the trial court abused its discretion in summarily denying his motion to reconsider his sentence under Alabama Code Section 13A-5-9.1. Appellant's Brief 3. Tate argues that the trial court erred "in finding that [he] was not eligible for his

4

[November 2, 1999] sentencing of [life] of burglary 2nd

degree to be reconsidered for sentencing of modification

under HFOA Act 2000 Amendment [sic] 13A-5-9." Appellant's

Brief 3.  However, the trial court determined that Tate,

due to the information the trial court considered, was not

eligible for the relief provided under Alabama Code (1975)

Section 13A-5-9.1.

   At the time Tate's motion for reconsideration was

decided, Alabama Code (1975) Section 13A-5-9.1 provided[1]:

> The provisions of Section 13A-5-9 shall be applied
> retroactively by the sentencing judge or presiding
> judge for consideration of early parole of each
> nonviolent convicted offender based on evaluations
> performed by the Department of Corrections and
> approved by the Board of Pardons and Paroles and
> submitted to the court.

   As required by Section 13A-5-9.1, the trial court had

jurisdiction to consider Tate's motion.  The judge

considering Tate's motion, though not the judge that

presided over his trial and imposed his life without parole

---

[1] It is noted that, as of June 14, 2007, which was
subsequent to the trial court's decision in the case at
hand, Section 13A-5-9.1 was amended to provide that if the
sentencing judge is no longer in office, a motion for
reconsideration of sentence may be heard by any circuit
judge appointed by the presiding judge, differing from the
previous provision which limited the review to either the
sentencing or presiding judge only.  See Ala. Code Section
13A-5-9.1, amended by Act 2007-457, Approved June 14, 2007.

sentence, is the presiding judge of the circuit, as per the

requirements in Alabama Code (1975) Section 13A-5-9.1.  (C.

54)

This Court, in Prestwood v. State, 915 So. 2d 580, 582

(Ala. Crim. App. 2005), held the following:

> [T]his court's review of such orders (denying a
> motion for reconsideration of sentence) will be
> limited. As long as the trial court has
> jurisdiction to rule on a § 13A-5-9.1 motion;
> reviews any such motion that is properly filed
> before it by an inmate who is eligible for
> reconsideration; and, if it chooses to resentence
> a petitioner, imposes a sentence that is
> authorized by §§ 13A-5-9(c)(2) or 13A-5-9(c)(3),
> Ala.Code 1975, we will not second-guess that
> court's discretionary decision.

Prestwood v. State, 915 So. 2d 580, 582 (Ala. Crim. App.

2005)(emphasis added).  Consequently, if the trial court

had jurisdiction to consider the motion to reconsider

sentence filed under Alabama Code (1975) Section 13A-5-9.1,

and reviewed the motion, this Court has indicated that it

will not second-guess the court's decision on the motion.

In Holt v. State, 960 So. 2d 726 (Ala. Crim. App.

2006), this Court opined:

> [T]here are three requirements for eligibility to
> have a sentence reconsidered under § 13A-5-9.1:
> (1) the inmate was sentenced before May 25, 2000,
> the date the 2000 amendment to the HFOA became
> effective; (2) the inmate … was sentenced to life

6

imprisonment pursuant to § 13A-5-9(c)(2) … and (3) the inmate is a "nonviolent convicted offender[]".

Holt v. State, CR 960 So. 2d 726 at 734-735.

Tate met the first two requirements for reconsideration of his sentence. Regardless, however, he was ineligible for resentencing because he did not meet the third requirement -- "nonviolent convicted offender". This Court has provided detailed instruction in its review of a trial court's determination of whether a defendant is a nonviolent offender in Butler v. State, CR- 05-0189, 2006 WL 1793729 (Ala. Crim. App. Jun. 30, 2006)(reversed on other grounds), Ex parte Butler, 2007 WL 779148 (Ala. Mar. 16, 2007). In Butler this Court held:

> We conclude that the state's trial judges have the authority under the statute to determine whether a defendant is a nonviolent offender and that those judges are competent to make that determination based upon the nature of the defendant's underlying conviction, other factors brought before the judge in the record of the case, and information submitted to the judge by the DOC and the Parole Board concerning the inmate's behavior while incarcerated." [Kirby], 899 So. 2d 974…
>
> While § 13A-5-9.1, Ala.Code 1975, does not specifically define which offenders are considered violent, we can look to caselaw and statutes for guidance in that area. Section 13A-11-70, Ala.Code 1975, provides, in pertinent part:
> "For the purposes of this division ['Pistols'],

the following terms shall have the respective meanings ascribed by this section: …

(2) Crime of violence. Any of the following crimes or an attempt to commit any of them, namely, murder, manslaughter[ ] (except manslaughter arising out of the operation of a vehicle), rape, mayhem, assault with intent to rob, assault with intent to ravish, assault with intent to murder, robbery, burglary, kidnapping and larceny." (Emphasis added.)

[T]he fact that a crime is defined as a "violent offense" under § 13A-11- 70 and/or § 12-25-32, although certainly a relevant and appropriate consideration, is not binding on a circuit court in determining whether an inmate is a "nonviolent convicted offender" within the meaning of § 13A-5-9.1…

Of course, the statutory designation of an inmate's underlying offense as a "violent offense" is certainly an important consideration in determining whether an inmate is a "nonviolent convicted offender"; nothing in § 13A-5- 9.1 or Kirby suggests otherwise. However, the statutory designation of an offense is not the only factor a circuit court may consider, and the fact that the inmate's underlying conviction for an offense statutorily defined as a "violent offense" does not preclude a circuit court from considering other factors presented to it, such as the facts and circumstances surrounding the underlying offense, the facts and circumstances surrounding the inmate's prior convictions, the inmate's prison record, and any "other factors brought before the judge in the record of the case." Kirby, 899 So. 2d at 974…

[W]hether an inmate is a "nonviolent convicted offender" is based on the totality of the circumstances. By totality of the circumstances, we mean the totality of the information before the circuit court when it rules on the § 13A-5-9.1 motion…

8

In addition, <u>in determining whether an inmate is a</u> <u>"nonviolent convicted offender" within the meaning</u> <u>of § 13A-5-9.1, what weight to afford each factor</u> <u>presented to it is within the circuit court's</u> <u>discretion.</u> <u>A circuit court is not required to</u> <u>make specific findings of fact regarding the</u> <u>weight it affords each factor</u>, and in reviewing a circuit court's determination of whether an inmate is a "nonviolent convicted offender," <u>this Court</u> <u>will give the circuit court great deference</u> <u>regarding the weight it afforded the factors</u> <u>presented to it</u>, and <u>we will presume that the</u> <u>circuit court properly considered and weighed each</u> <u>factor presented, unless the record affirmatively</u> <u>shows otherwise.</u> <u>See</u>, e.g., <u>Prestwood [v. State</u>, 915 So. 2d 580, 583 (Ala. Crim. App. 2005) ] (recognizing the limited appellate review of a motion filed under § 13A-5-9.1)." <u>Holt v. State</u>, [Ms. CR-04-1250, March 3, 2006] --- So.2d ----, ---- (Ala. Crim. App. 2006).

<u>Butler v. State</u>, 2006 WL 1793729 at *2-3 (emphasis added).

This Court, in <u>Butler</u>, stated that, "in determining whether

an inmate is a 'nonviolent convicted offender'… what weight

to afford each factor presented to it is within the circuit

court's discretion." <u>Id</u>.  This Court will also give "great

deference regarding the weight it afforded the factors

presented to it, and we will presume that the circuit court

properly considered and weighed each factor presented,

unless the record affirmatively shows otherwise."  <u>Id</u>.

Tate cites that he was eligible for reconsideration of

sentence and that the trial court had the authority to

9

grant his Kirby motion.  Appellant's Brief 4.  But,
irrespective of Tate's assertions, this Court has
consistently held it will presume that the circuit court
considered and weighed all the factors presented in the
record.  Prestwood v. State, 915 So. 2d 580, 583 (Ala.
Crim. App. 2005).  As such, and in light of the information
in its record[2], the trial clearly had a sufficient basis on
which to base its decision, and did not abuse its
discretion in dismissing Tate's motion for reconsideration.

To the extent Tate infers otherwise, a trial court is
not required to make a written finding of fact in its
determination of specifically why Tate was not eligible to
have his sentence reduced.  This Court, again, in Butler,
2006 WL 1793729 at *3, stated, "a circuit court is not
required to make specific findings of fact regarding the
weight it affords each factor."  Id.  Therefore, Tate was
not entitled to written findings of fact.

Finally, it is worth noting that, even if Tate had met
all three eligibility requirements, he was not
automatically entitled to be resentenced.  More
specifically, in Holt, this Court opined that "a circuit

---

[2] See Taite v. State, 810 So. 2d 813(Table) (Ala. Crim. App.
2000).

10

court is not required to resentence an inmate merely because it determines that the inmate is eligible for reconsideration of his or her sentence". See Id. at 10, fn. 3.

Accordingly, in the absence of evidence of abuse of discretion by the trial court in denying Tate's motion to reconsider his sentence, this Court "[should] not second-guess that court's discretionary decision". See Prestwood, 915 So. 2d at 582.  Tate also has failed to meet his burden on appeal -- to show that the trial court abused its discretion in denying his motion for reconsideration.

11

**CONCLUSION**

Therefore, for the foregoing reasons, the trial court's judgment is due to be affirmed.

Respectfully submitted,

Troy King
Attorney General

Marc A. Starrett
Assistant Attorney General
By-


/s/Marc S. Bass
Marc S. Bass (BAS 020)
Assistant Attorney General

12

## CERTIFICATE OF SERVICE

I hereby certify that on this <u>6th</u> of November, 2007, I
electronically filed the foregoing with the Court and
served a copy on Appellant, by placing the same in the
United States Mail, first class, postage prepaid and
addressed as follows:

> Marcus Orlanda Tate
> AIS# 180664
> 3800 G. K. Fountain Correctional Facility
> Atmore, Alabama 36503

<u>/s/Marc S. Bass</u>
Marc S. Bass
Assistant Attorney General

ADDRESS OF COUNSEL:
Office of the Attorney General
Criminal Appeals Division
11 South Union Street
Montgomery, Alabama 36130-0152
(334) 242-7300

340620/110877-001

13

RECEIVED

IN THE CRIMINAL APPEALS COURT
STATE OF ALABAMA

U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

MARCUS TATE
        Appellant                CC-99-169-M

VS.

STATE OF ALABAMA,

    Application For Rehearing
/OR/ Application For
Appeal TO ALABAMA
Supreme Court

Done under my hand Day
11    month 12, 2007

                SiNCERELY
                Marcus O. Tate
                MARCUS TATE 180664
                MCBF
                2423 N. BELT LINE HWY
                MOBILE, Ala 36663

Filed

(1).

IN THE COURT OF CRIMINAL APPEALS
STATE OF ALABAMA

RECEIVED
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

MARCUS TATE
  Appellant                    |
    VS.                        |      CC-99-169-M
STATE OF ALABAMA               |
  Appellee                     |
                               |

MOTION TO APPEAL TO ALABAMA
    Supreme Court As
Following Reasons Belows
Supported By Exhibits
  Facts
_____

1. The Appellant MEETS AND Satisfy all
   three requirements under Statute Code of
   Ala 13A-5-9.1 SEE Exhibit "A" Page #2

   (A.) The Appellant Sentenced under 13A-5-9(c)(2)
        Class B Felony NOV 2, 1999

   (B.) The Appellant sentenced before May 25, 2000
        Amendment 13A-5-9.1    SEE
        Exhibit "A" ATTACHED

   (C). ALL OF APPELLANT PRIORS
        Convictions ARE NON-VIOLENT
        OFFENSE's SEE Exhibit "B" ATTACHED
        ADOC Inmate Summary Time
        Sheet

Filed

(2). (D). The Appellant Sentenced to Life Imprisonment SEE Exhibit "B" ATTACHED

(E). The Appellee's ATTORNEY General OFFICE DID NOT FORWARD A copy of Appellee's Brief to Appellant Nov 6, 2007 SEE ATTORNEY GENERAL MARC S. Bass, and Exhibit "C" ATTACHED

(F). The Appellant Was Convicted ILLEGAL and SENTENCED to False Imprisonment under 13A-5-9(c)(2) In CASE NO. CC-99-168-M SEE Exhibits "D" AND Exhibit "B" ATTACHED

(1.) The Appellant only have ONE Prior Felony under 13A-5-9(c)(2) STATUTE SEE Exhibit "B"

(a). Poss of BurGLAR's TOOLS CASE NO. N97000 427

(G). The STATE OF ALABAMA Appellee's AND ADOC HAVE ILLEGAL Custody OVER Appellant In Case NO CC-99-169-M UNDER STATUTE 13A-5-9 (c)(2) SEE Exhibits "B" "D" ATTACHED

③.

(1.) The Appellant only have ONE prior Felony SEE Exhibit "B"

(H). The Appellant REQUEST For A Good Civil Lawyer From The STATE OF Alabama ATTORNEY GENERAL OFFICE To Represent to OVER TURN This Life Conviction and ABolish it and give Appellant A Full pardon and Compensate Appellant From Nov 2, 1999 to 2007-2008

REASON: THIS FALSE Imprisonment CAN NOT BE COVERED NO MORE IT Will BE Dicovered NOW OR LATER In CIVIL TRIAL COURT

Filed



# CERTIFICATION OF SERVICE
## Proof of Service

Le Appellant Sweat to Affirm
I have Served the STATE
OF ALABAMA Criminal Appeals
Court This MOTION For Appeal
TO Alabama Supreme Court,
and ALL parties Concured
Below by the U.S. VIA Mail
SERVICE HANd Delivered Affixed
by Prepaid Mailing Stamps
HANd Delivered DAY 11 Month
12, 2007

CC-
ATTORNEY GENERAL 11 South Union street M, Ala 36130
CRIMINAL APPEals Court 300 Dexter Ave M, Ala
Clerk of Court Jay DUKE P.U. Box 912 G, Ala 36451



Sincerely
Marcus, Tate
Marcus, TATE #180664
Mobile Community BASED
2423 N, BELT LINE Hwy
Mobile, Ala 36663