IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARCUS ORLANDO TATE, #180664, ) | |
| a/k/a/ MARCUS ORLANDO TAITE, ) | |
| a/k/a/ DR. ELIJAH J. MUHAMMED, II, ) | |
| a/k/a/ DRELIJAH JOSHUA MUHAMMAD) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:07-CV-1093-MHT |
| ) | [WO] |
| ) | |
| MARC S. BASS - ASSISTANT ) | |
| ATTORNEY GENERAL, ) | |
| ) | |
| Defendant. ) | |

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

On December 17, 2007, Marcus Orlando Tate ["Tate"], a state inmate and frequent litigant in the federal courts of this state, filed a motion for leave to proceed *in forma pauperis* pursuant to the provisions of 28 U.S.C. § 1915(a). *Application to Proceed Without Prepayment of Fees - Court Doc. No. 2*. However, under the directives of 28 U.S.C. § 1915(g), a prisoner is not allowed to bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1]

---

[1] In *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee

The records of this court establish that Tate, while incarcerated, has on at least three occasions had 42 U.S.C. § 1983 cases dismissed pursuant to the provisions of 28 U.S.C. § 1915 as frivolous, malicious, for failure to state a claim and/or for asserting claims against defendants who were immune from suit.  The referenced cases are:  (1) *Taite v. Haley, et al.*, Case No. 2:02-CV-34-MHT-CSC (M.D. Ala. 2002), (2) *Tate, et al., v. Keahey, et al.*, Case No. 1:02-CV-734-BH-S (S.D. Ala. 2003), and (3) *Tate v. Lawson*, Case No. 2:06-CV-1779-RBP (N.D. Ala. 2006).[2]  In addition to the aforementioned civil actions, Tate filed *Drelijah Joshua Muhammad, II v. McIntyre, III, et al.*, Case No. 1:06-CV-228-BH-C (S.D. Ala. 2006) which the United States District Court for the Southern District of Alabama "dismissed for lack of subject matter jurisdiction due to plaintiff filing the § 1983 action while he was a prisoner, paying the filing fee, and suing non-state actors, which therefor placed his action beyond the purview of 28 U.S. C. §§ 1915 and 1915A.  And his complaint was found to be without legal merit.  By all reasoning, the preceding action meets the criteria ... for a frivolous action - that a frivolous action is one that is 'based on [an] indisputably meritless legal theory' or 'lacks an arguable basis in law.'" *Tate v. Bass, et al.*, Civil Action No. 1:07-305-KD-C (S.D. Ala. 2007) (citations omitted) - Report and Recommendation of the

---

before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment."  The Court in *Rivera* further "held that § 1915(g)'s language makes it clear that the three strikes rule applies to claims dismissed prior to the effective date of the PLRA.  *Id.* at 728-30." *Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999).

[2]The requisite dismissals are indicated on the docket sheets maintained by each respective court in the referenced cases.

Magistrate Judge dismissing case pursuant to 28 U.S.C. § 1915(g) - Court Doc. No. 5 at 2, adopted as opinion of the court by order of June 22, 2007 - Court Doc. No. 10). The court therefore concludes that the summary dismissals of these four cases render Tate in violation of the directives of 28 U.S.C. § 1915(g).

In the complaint now before the court, Tate argues that Marc S. Bass, the assistant attorney general who represented the State on appeal from the trial court's denial of a motion for reconsideration of sentence, filed an appellate brief in which he misrepresented the term of Tate's sentence as life imprisonment without parole, rather than simply life imprisonment.[3] Tate maintains that this misrepresentation constitutes a "death threat to plaintiff and to courthouse to impose life without parole imprisonment...." *Plaintiff's Complaint - Court Doc. No. 1* at 3. Tate seeks a "federal warrant for arrest" of the defendant, a "full pardon[,]" restoration of all his civil rights, abolishment of "life & life without parole imprisonment" and immediate release from custody. *Id*. at 3-4.

The allegations made the basis of the instant complaint fail to demonstrate that Tate was "under imminent danger of serious physical injury" at the time of filing this action as is required to meet the imminent danger exception to application of 28 U.S.C. § 1915(g). *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (a prisoner who has filed three or more frivolous lawsuits and seeks to proceed *in forma pauperis* must allege a present

---

[3] In affirming the trial court's denial of Tate's motion for reconsideration of sentence, the Alabama Court of Criminal Appeals correctly referenced his sentence as "a term of life in prison." *Plaintiff's Exhibit A - Court Doc. No. 1-3* at 1.

"imminent danger" to circumvent application of the "three strikes" provision of 28 U.S.C. § 1915(g)). Based on the foregoing, the court concludes that Tate's motion for leave to proceed *in forma pauperis* is due to be denied and this case dismissed without prejudice as Tate failed to pay the requisite filing fee upon initiation of this cause of action. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (emphasis in original) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he *initiates* the suit.").

## CONCLUSION

Accordingly, it is

ORDERED that the motion for leave to proceed *in forma pauperis* filed by Marcus Orlando Tate on December 17, 2007 (Court Doc. No. 2) be and is hereby DENIED. Additionally, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for Tate's failure to pay the full filing fee upon the initiation of this case.

It is further

ORDERED that **on or before January 8, 2008**, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised

that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 26th day of December, 2007.

       /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE